UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUART ROBINSON, | CASE NO. 24-cv-377 |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| CITY OF SEATTLE, | |
| Defendant. | |

## 1. INTRODUCTION

Pro se Plaintiff Barbara Stuart Robinson was granted leave to proceed in forma pauperis on March 21, 2024. Dkt. No. 4. United States Magistrate Judge S. Kate Vaughn recommended review of Robinson's complaint under 28 U.S.C. § 1915(e)(2)(B). A summons has not yet been issued. *See* Dkt. Robinson alleges that employees of the Seattle Police and Fire Departments deprived her of rights secured by the State of Washington's constitution. Dkt. No. 7 at 1. The Court reviews this matter under 28 U.S.C. § 1915(e)(2)(B) and orders Plaintiffs to show cause why her case should not be dismissed.

## 2. BACKGROUND

Robinson alleges a "Mexican/Hispanic . . . poked [her] with a [n]eedle or sharp object" at "3rd St and Pike." Dkt. No. 7 at 2. According to Robinson, a 911 operator requested police and fire assistance for "Incident # 24-73681," but neither police nor fire assistance ever came. *Id.* Instead, the police "sat in their cars and drove by the Plaintiff several times that encouraged plaintiff to suffer additional harm," depriving her of "[p]ersonal [r]ights to life and liberty within the [c]ommunity and [p]ublic's view." *Id.* at 2-3.

On the same day, in an event she refers to as "Incident 24-73740," Robinson says she suffered additional harm when she was assaulted by a "Mexican female" in a Target store and that an "Officer Wagner" arrived. Dkt. No. 7 at 2. Additionally, Robinson alleges she was "targeted again by a male Mexican/Hispanic up the street from Target," and the "Hispanic male pulled a weapon out of his pants pocket looked like a gun or taser brandishing at her in a harmful way . . . ." *Id.* at 2. In this incident, which Robinson refers to "Incident # 24-73808," she called 911 but alleges the police never came "but sent a text with the incident number claiming they did." *Id.*

Stemming from these incidents, Robinson brings causes of action against the City of Seattle ("City") under the Washington State Constitution, including deprivation of "essentials to life without due process of law," deprivation of liberty without due process of law, violation her equal protection rights. *Id.* at 3-4. Robinson also brings a negligence claim. *See id.*

ORDER TO SHOW CAUSE - 2

### 3. ANALYSIS

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

For the following reasons, the Court believes Robinson's complaint fails to state a claim upon which relief can be granted:

First, Federal courts have jurisdiction over "all civil actions arising under the Constitution [and] laws . . . of the United States." 28 U.S.C. § 1331. Robinson alleges a violation of Washington's constitution, but she does not allege a federal claim. *See* Dkt. No. 7. Still, the Court interprets Robinson's complaint liberally as one for relief for a federal constitutional claim under Section 1983, which would invoke this Court's jurisdiction.

Second, even interpreting Robinson's complaint generously, her claim Section 1983 claim likely fails, because a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.") (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Robinson names the City—a

municipality—as the sole defendant but fails to allege a *Monell* claim. Thus, her Section 1983 claim against the City of Seattle is not viable.

Third, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Robinson alleges a man poked her with a sharp item in one instance, was assaulted by a woman in another, and was then threatened by a third man. Dkt. No. 7. The only acts she attributes to the City are that Seattle Police drove by her in the first instance and did not leave their car, that an Officer Wagner responded in the second, and Seattle Police did not respond to her third 911 call. *See id.* The City's alleged failure to protect Robinson from any of these individuals does not constitute a constitutional violation under Section 1983. Robinson has thus failed to assert a claim under Section 1983.

Finally, Robison also alleges a negligence claim under Washington state law. But without her Section 1983 claim, Robison provides the Court no reason to exercise supplemental jurisdiction over her state-law claims that the Court could not hear otherwise. 28 U.S.C. § 1367(c)(3) (court can decline to exercise supplemental jurisdiction over a state claim if the district court dismisses all claims over which it has original jurisdiction).

## 4. ORDER TO SHOW CAUSE

Accordingly, Robinson's complaint fails to state a claim under Section 1983. And without an independent basis for jurisdiction, the Court will not exercise supplemental jurisdiction over Robison's state-law claim. To avoid dismissal,

Robinson must provide a written response within 21 days of entry of this order, limited to 5 pages, as to why her complaint should not be dismissed.

It is so ordered.

Dated this 10th day of May, 2024.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 5