1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARBARA STUART ROBINSON,

        Plaintiff,

    v.

CITY OF SEATTLE,

        Defendant.

CASE NO. 24-cv-377

DISMISSAL ORDER

## 1. INTRODUCTION

Pro se Plaintiff Barbara Stuart Robinson brings this action against the City of Seattle. Dkt. No. 1. On March 21, 2024, U.S. Magistrate Judge S. Kate Vaughn granted Robinson leave to proceed in forma pauperis and recommended review of Robinson's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. After reviewing Robinson's complaint, *see* Dkt. No. 7, this Court found that Robinson failed to state a claim upon which relief may be granted. Dkt. No. 11. Rather than dismissing the case outright, the Court explained why Robinson's complaint failed to state a claim upon which relief may be granted and instructed Robinson to submit a written

1  response, no longer than five pages, as to why her complaint should not be

2  dismissed. *Id.*

3      Robinson has since submitted three responses to the Court's Order to Show

4  Cause, each seven pages or longer. Dkt. Nos. 12, 14, 16. Robinson has also

5  submitted two additional amended complaints. Dkt. Nos. 13, 15. Having reviewed

6  these submissions, the record, and the law, the Court concludes that none of

7  Robinson's responses or amended complaints resolve the problems the Court

8  identified in its Order to Show Cause. Robinson has failed to state a claim upon

9  which relief may be granted. The Court therefore DISMISSES this case without

10  prejudice under 28 U.S.C. § 1915(e)(2)(B).

## 2.  BACKGROUND

12      On May 25, 2024, the Court issued an Order to Show Cause, summarizing

13  the allegations in Robinson's complaint and explaining why Robinson failed to state

14  a claim on which relief may be granted. Dkt. No. 11. In that Order, the Court

15  explained four critical defects in Robinson's complaint. *Id.* First, the complaint

16  alleged a violation of Washington's constitution, but not the federal constitution;

17  consequently, it failed to make a federal law claim sufficient to establish federal

18  court jurisdiction under 28 U.S.C. § 1331. *Id.* at 3. Second, even construing

19  Robinson's complaint liberally as one asserting a federal constitutional claim under

20  Section 1983, her Section 1983 claim nonetheless failed because a "claim under

21  *Monell* is the only means of asserting a § 1983 claim against a municipality." *Id.*

22  (quoting *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022)).

23  Third, Robinson's only allegations against the City of Seattle were that the Seattle

Police and Fire Departments failed to respond to her requests for protection against private violence; but "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 4 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). And fourth, absent a federal claim over which the Court has subject-matter jurisdiction, Robinson provided no reason for the Court to exert supplemental jurisdiction over her state-law negligence claim. *Id.* Rather than dismissing her claims outright under 28 U.S.C. § 1915(e)(2)(B), the Court ordered Robinson to "provide a written response within 21 days of entry of this order, limited to 5 pages, as to why her complaint should not be dismissed." *Id.* at 4-5.

Robinson proceeded to submit three responses to the Court's Order to Show Cause, each seven pages or longer. Dkt. Nos. 12, 14, 16. In these responses, Robinson reiterates the factual allegations from her earlier complaint, asserting that she was the victim of private acts of violence and that Seattle Police officers ignored her requests for assistance and failed to protect her. *See generally id.* In her responses, she also appears to invoke the Fourteenth Amendment of the U.S. constitution, albeit in a confusing manner that seems to conflate state and federal law. *See, e.g.*, Dkt. No. 12 at 1 (asserting a violation of "State Due Process Rights in violation of 14th Amendment").

Robinson also submitted two additional amended complaints, Dkt. Nos. 13, 15, both of which are largely identical to her previous complaint, *see* Dkt. No. 7, but with two key changes, apparently in response to the Court's Order to Show Cause. First, the amended complaints expressly invoke Section 1983 as the statutory

1    vehicle for Robinson's cause of action. *See* Dkt. Nos. 13, 15. And second, the

2    amended complaints assert causes of action under 18 U.S.C. § 242, a federal statute

3    that creates criminal liability for law enforcement officers who engage in certain

4    willful violations of constitutional rights. *See generally id.*

5         Considering Judge Vaughn's recommendation that the complaint be reviewed

6    under Section 1915(e)(2)(B) before issuance of summons, as well as Robinson's

7    failure to state a claim upon which relief may be granted, this Court still has not

8    issued a signed, sealed summons to facilitate service of process. *See* Dkt. Nos. 9, 17.

9                              **3.  DISCUSSION**

10        When a plaintiff proceeds in forma pauperis, the court must dismiss the

11   action if the court determines the plaintiff fails to state a claim on which relief may

12   be granted. 28 U.S.C. § 1915(e)(2)(B). When reviewing cases under Section 1915,

13   courts consider only the operative complaint. Here, the operative complaint is the

14   third amended complaint that Robinson filed on July 12, 2024. Dkt. No. 15; *see*

15   *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that amended

16   complaint supersedes original and renders original of no legal effect).

17        Under the Federal Rules of Civil Procedure, "[p]leadings must be construed

18   so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be

19   liberally construed and a pro se complaint, however inartfully pleaded, must be held

20   to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

21   *Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro

22   se complaint without leave to amend unless 'it is absolutely clear that the

23   deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are unwavering. When an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed.

In its May 25 Order to Show Cause, the Court identified four critical defects in Robinson's complaint. Dkt. No. 11 (summarized above). The Court now addresses each of those four defects, in turn, to determine whether Robinson has cured them through her Responses, Dkt. Nos. 12, 14, 16, and amended complaint, Dkt. No. 15.

First, the Court previously found that Robinson failed to adequately plead federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 11 at 3. As to this defect, the Court now finds—construing Robinson's complaint liberally—that Robinson has met the minimal threshold necessary to satisfy jurisdiction. In its previous Order, the Court explained that Robinson had alleged only violations of the Washington State Constitution, not the United States Constitution, and had failed to make a Section 1983 claim. *Id.* Since then, Robinson has invoked Section 1983 as the basis for her claims. *See* Dkt. No. 15 at 1. And in her responses to the Court's Order, she does, though unclearly, invoke her due process rights under the Fourteenth Amendment. *See, e.g.*, Dkt. No. 12 at 1. And while she does not invoke any federal constitutional rights in her actual operative complaint, she does assert that "[a] right secured by the Constitution or laws of the United States was violated." Dkt. No. 15 at 2. Construing the complaint liberally, the Court finds that

Robinson has adequately invoked Section 1983 and her federal constitutional rights such that jurisdictional considerations are not preclusive.[1]

However, despite her successful invocation of Section 1983, Robinson still fails to rectify the second defect the Court identified in her complaint: her failure to plead a *Monell* violation. Robinson sues the City of Seattle as the sole defendant, and she repeatedly passes on naming any individual officers as defendants in her assorted pleadings. As the Court noted in its previous Order, Dkt. No. 11 at 3, a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality." *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.") (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Through her various responses to the Court's Order and her amended complaints, Robinson has neither added a *Monell* claim nor additional defendants. As a result, she has failed to state a claim upon which relief may be granted.[2]

---

[1] Presumably to establish federal question jurisdiction, Robinson also attempts to add a cause of action under 18 U.S.C. § 242. *See* Dkt. No. 15 at 2. This attempt is unavailing. Section 242 is a federal statute that creates criminal liability for law enforcement officers who engage in certain willful violations of constitutional rights. This statute does not provide Robinson with a private cause of action against the City of Seattle.

[2] While this failure would generally be fatal in a non-pro se case, it is not decisive here, as the Court looked past any technical pleading deficiencies to give Robinson "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Here, Robinson has failed to allege a plausible factual basis for a claim on which relief

1        Third, in its previous Order, the Court noted that "a State's failure to protect

2  an individual against private violence simply does not constitute a violation of the

3  Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S.

4  189, 197 (1989). Ultimately, this is the most decisive issue. The entire factual basis

5  for Robinson's claims is that the Seattle Fire and Police Departments failed to

6  intervene to protect her from acts of violence at the hands of private individuals. As

7  the Court previously noted, "[t]he City's alleged failure to protect Robinson from any

8  of these individuals does not constitute a constitutional violation under Section

9  1983." Dkt. No. 11 at 4. Through her responses to the Court's Order to Show Cause

10  and her amended complaints, Robinson has provided no additional factual basis to

11  support her claims. This failure is critical. Robinson's inability to provide a factual

12  basis for her claim—even after submitting three separate amended complaints—

13  shows that this defect cannot be cured through further amendments to Robinson's

14  pleadings. In short, Robinson has not plausibly alleged facts to support a violation

15  of her constitutional rights by the City of Seattle.

16        Fourth and finally, the Court's previous Order noted that—given Robinson's

17  failure to state a federal law claim upon which relief may be granted—Robinson had

18  provided the Court with no reason to exert supplemental jurisdiction over her state-

19  law negligence claim. Dkt. No. 11 at 4; *see* 28 U.S.C. § 1367(c)(3) (court can decline

20  to exercise supplemental jurisdiction over state claim if the district court dismisses

21  all claims over which it has original jurisdiction). This defect persists. As discussed

22

23  may be granted. Thus, the Court dismisses this case on substance, not mere
pleading technicalities.

above, Robinson has not plausibly stated a federal claim upon which relief may be granted. As such, the Court will not exert supplemental jurisdiction over her state law claim.

## 4. CONCLUSION

The Court finds that Robinson has failed to state a claim on which relief may be granted. The Court therefore DISMISSES this case without prejudice under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 21st day of October, 2024.

Jamal N. Whitehead
United States District Judge