UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE,<br><br>        Defendant. | CASE NO. 24-cv-377<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS |

    The Ninth Circuit has asked this Court to review Plaintiff Barbara Stuart Robinson's in forma pauperis (IFP) status. Dkt. No. 22. Having reviewed the Ninth Circuit's referral, the record, and the law governing Robinson's claims, the Court is fully informed. The Court REVOKES Robinson's IFP status for the reasons below.

    On March 21, 2024, U.S. Magistrate Judge S. Kate Vaughn granted Robinson leave to proceed IFP and recommended review of Robinson's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. After reviewing Robinson's complaint, *see* Dkt. No. 7, this Court found that Robinson failed to state a claim upon which relief may be granted. Dkt. No. 11. The Court identified four critical defects in Robinson's complaint. *Id.* First, it alleged a violation of Washington's constitution, but not the

**ORDER** REVOKING IN FORMA PAUPERIS STATUS - 1

federal constitution; thus, it failed to make a federal law claim sufficient to establish jurisdiction under 28 U.S.C. § 1331. *Id.* at 3. Second, even construing Robinson's complaint liberally as one asserting a federal constitutional claim under Section 1983, her claim still failed because a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality." *Id.* (quoting *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022)). Third, Robinson's only allegations against the City of Seattle were that the Seattle Police and Fire Departments failed to respond to her requests for protection against private violence; but "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 4 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). And fourth, absent a federal claim over which the Court has subject-matter jurisdiction, Robinson provided no reason for the Court to exercise supplemental jurisdiction over her state-law negligence claim. *Id.*

Rather than dismissing Robinson's claims outright under 28 U.S.C. § 1915(e)(2)(B), the Court ordered Robinson to "provide a written response within 21 days of entry of this order, limited to 5 pages, as to why her complaint should not be dismissed." *Id.* at 4-5. Robinson proceeded to submit three responses to the Court's Order, Dkt. Nos. 12, 14, 16, and two additional amended complaints, Dkt. Nos. 13, 15. Through these filings, she reiterated the allegations from her earlier complaint, asserting that she was the victim of private acts of violence and that Seattle Police ignored her requests for assistance and failed to protect her. *See generally id.* She also appeared to invoke the Fourteenth Amendment of the U.S. Constitution, albeit

ORDER REVOKING IN FORMA PAUPERIS STATUS - 2

in a confusing manner that seemed to conflate state and federal law. *See* Dkt. No. 12 at 1 (asserting a violation of "State Due Process Rights in violation of 14th Amendment"). Her amended complaints were largely identical to her previous complaint, Dkt. No. 7, but with two changes. First, she expressly invoked Section 1983 as the statutory vehicle for her cause of action. *See* Dkt. Nos. 13, 15. And second, the amended complaints asserted causes of action under 18 U.S.C. § 242, a federal statute that creates criminal liability for law enforcement officers who engage in certain willful violations of constitutional rights. *See generally id.*

Upon reviewing Robinson's amended complaints and responses to the Court's Order, the Court concluded that Robinson failed to rectify the fatal deficiencies in her pleadings. Dkt. No. 18. Despite suing the City of Seattle as sole defendant, she failed to plead a *Monell* violation. *Id.* at 6. She also failed to address the Court's finding that the only basis of her claim was Defendant's alleged failure to protect her from private violence, which is not a constitutional violation. *Id.* at 7. And she failed to show why the Court should exercise supplemental jurisdiction over her state-law negligence claim absent a federal law claim upon which relief may be granted. *Id.* at 7-8 (citing 28 U.S.C. § 1367(c)(3)). The Court also noted that Robinson's new claim under 18 U.S.C. § 242 failed because Section 242 "creates criminal liability for law enforcement officers" and "does not provide Robinson with a private cause of action against the City of Seattle." *Id.* at 6. In sum, the Court found that the deficiencies in Robinson's complaint could not be cured by amendment and therefore dismissed the action without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**ORDER** REVOKING IN FORMA PAUPERIS STATUS - 3

On October 21, 2024, Robinson filed a notice of appeal to the Ninth Circuit. Dkt. No. 20. On November 5, 2024, the Ninth Circuit referred the matter to this Court to determine whether Robinson's IFP status should continue on appeal. Dkt. No. 22. A litigant will lose their IFP status on appeal if their appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In Robinson's notice of appeal, the "issues on appeal" contain no issues of law or fact that this Court has not already fully addressed and dismissed. *See* Dkt. No. 22 at 2. Robinson states that "the City of Seattle failed The [sic] federal criminal statute that enforces Constitutional limits on conduct by law enforcement officers is 18 U.S.C. § 242." *Id.* But as this Court already noted, Section 242 does not provide a private cause of action against the City of Seattle. *See* Dkt. No. 18 at 6. Robinson further asserts that "the City of Seattle violated… State of Washington Constitution Article 1 Section 3" and that "the plaintiff had wrongfully endured and suffered additional physical harm and stress due directly from the result of the City of Seattle's failure and deprivation of State Laws without due process and all of the protections of the law(s) by the Fault [sic] of the City of Seattle." Dkt. No. 22 at 2. But as the Court explained in its previous Orders, the City of Seattle's alleged failure to protect Robinson from acts of private violence does not amount to a constitutional violation. *See* Dkt. No. 18 at 7.

In short, Robinson's complaint stated no legal claim on which relief may be granted. This Court validly dismissed the complaint for failure to state a claim.

Robinson's notice of appeal neither casts doubt on the Court's clearly stated reasons for dismissal, nor provides new arguments to save her claims. Given the irremediable defects in Robinson's complaint, Robinson's appeal lacks an arguable basis in fact or law. As such, the Court finds the appeal is frivolous and ORDERS that Robinson's IFP status be REVOKED under 28 U.S.C. § 1915(a)(3). This resolves the Ninth Circuit's Referral at Dkt. No. 22.

It is so ORDERED.

Dated this 18th day of November, 2024.

Jamal N. Whitehead
United States District Judge